AMY, J.,
concurring in the result.
Ill respectfully concur in the result as I find no error in the trial court’s discussion of the burden of proof. To the extent that alternative arguments are made about whether the featherweight standard refers to causation or to burden of proof, I think Monroe v. Cooper/T.Smith Stevedoring Co., Inc., 2009 WL 1309786 (M.D.La.2009), resolves the question correctly and explains that “featherweight” and “preponderance of the evidence” are not mutually exclusive. Instead the terms reference “different facets of the burden of proof borne by a plaintiff with regard to the causation element of a Jones Act negligence claim.” Id. at *4.
While “ ‘featherweight’ refers to the reduced standard of causation applicable to a Jones Act claim — a standard that requires the plaintiff to demonstrate only that the employer’s negligence played ‘any part, no matter how small, in bringing about the injury,’ ... ‘preponderance of the evidence ’ refers to the evidentiary burden necessary to demonstrate a featherweight of causation.” Id. at ⅜4. (Emphasis added.) In my opinion, the trial court’s description of the burden of proof was consistent with the applicable law.
I do, however, join the majority in its determination that the general damages should be increased due to non-disc related back injuries.
For these reasons, I concur in the result.